See also 2008 WL 2178106.

**UNITED STATES of America,
Appellee,**

v.

**James ELLETT, Defendant–Appellant.**

**No. 07–3682–cr.**

United States Court of Appeals,
Second Circuit.

May 23, 2008.

Ronald Jay Cohen, Cohen, Estis & Associates, LLP, Goshen, NY, for Defendant–Appellant.

Paul D. Silver, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney, Northern District of New York, on the brief; Sara Lord, Brenda K. Sannes, Assistant United States Attorneys, of counsel), United States Attorney's Office for the Northern District of New York, Albany, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Circuit Judge, Hon. THOMAS J. McAVOY, District Judge.[1]

### SUMMARY ORDER

Following a jury trial in the United States District Court for the Northern District of New York (Hurd, *J.*), Defendant–Appellant James Ellett was convicted

1. The Honorable Thomas J. McAvoy of the United States District Court for the Northern District of New York, sitting by designation.

of four counts of income tax evasion, in violation of 26 U.S.C. § 7201, and one count of failure to file an income tax return, in violation of 26 U.S.C. § 7203. The district court sentenced Ellett principally to 18 months' imprisonment. In a separate per curiam opinion issued today, we hold that due process did not require that Ellett be given the opportunity to litigate his tax position civilly or administratively before being prosecuted for tax evasion. In this summary order, we address Ellett's additional challenges to his conviction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

■ ■ Ellett challenges the exclusion of certain legal materials that (he claims) convinced him that he was exempt from paying taxes. We review a district court's exclusion of evidence for abuse of discretion, reversing only where the decision was "manifestly erroneous," *United States v. Samet*, 466 F.3d 251, 254 (2d Cir.2006) (internal quotation marks omitted), or "arbitrary and irrational," *United States v. Paulino*, 445 F.3d 211, 217 (2d Cir.2006) (internal quotation marks omitted). Ellett was permitted to testify that he relied on these sources in developing his views on the income tax laws and he testified as to his understanding of the facts and holdings of certain Supreme Court cases. To the extent that the excluded material was proffered to show the depth of Ellett's research, it was cumulative because the government never challenged Ellett's research efforts on cross-examination. Given the substantial prospect that these legal sources would have confused or misled the jury, the district court's exclusion of them was not arbitrary or irrational.

■ ■ Ellett asserts that the government called IRS Agent Bhagwendeen to testify even though Ellett was expecting a different agent, Agent Fattarouso. Ellett fails to demonstrate any prejudice resulting from the substitution of Agent Bhagwendeen for Agent Fattarouso. Ellett claims that the district court erred in not affording defense counsel time to review Agent Bhagwendeen's tax liability calculations and in excluding Agent Fattarouso's tax worksheets for tax year 2004. However, even if Agent Bhagwendeen had miscalculated Ellett's liability for the tax years prior to 2004, such differences would not be material to his tax evasion defense because Ellett would still have owed the government a substantial sum. As to the excluded worksheets, Agent Bhagwendeen could not properly authenticate them because he did not prepare them and could not vouch for their accuracy. (Ellett could have called Fattarouso as a witness, but did not.) Finally, if Ellett had planned to demonstrate that Agent Fattarouso miscalculated Ellett's tax liability for 2004, this would not have affected the outcome of the case because the superseding indictment only charged a failure to file a tax return for 2004 (rather than tax evasion, which requires proof of a substantial tax liability, *see United States v. Plitman*, 194 F.3d 59, 65 (2d Cir.1999)).

■ ■ Ellett argues that the district court abused its discretion in admitting [i] evidence of his federal tax history for years that were not charged in the indictment and [ii] evidence of his New York State tax history. "District courts enjoy broad discretion in admitting evidence of similar acts; to find an abuse of that discretion we must be persuaded that the trial judge ruled in an arbitrary and irrational fashion." *United States v. Bok*, 156 F.3d 157, 165 (2d Cir.1998) (internal quotation marks omitted). A defendant's past taxpaying record is admissible under Federal Rules of Evidence 403 and Rule 404(b) as circumstantial evidence of willfulness. *Id.* at 166 ("[Defendant's] failure to file

*state or federal* returns ... is indicative of an intent to evade the tax system." (emphasis added)); *United States v. Klausner,* 80 F.3d 55, 63 (2d Cir.1996) ("Patterns of understating or failing to report income are also considered evidence of willfulness."). Evidence of Ellett's failure to pay federal income tax in uncharged years was undoubtedly relevant because it tended to show that his failure to pay tax in the charged years was willful—that is, that he "knew of [his] duty, and that he voluntarily and intentionally violated that duty." *Cheek v. United States,* 498 U.S. 192, 201, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). Moreover, the district court provided a limiting instruction that the evidence was admitted only to show Ellett's state of mind.

■ ■ Ellett maintains that the government violated his rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by excluding Agent Fattarouso's tax worksheets. A *Brady* violation requires, *inter alia,* that favorable evidence "must have been suppressed by the State, either willfully or inadvertently." *United States v. Jackson,* 345 F.3d 59, 71 (2d Cir.2003) (internal quotation marks omitted). But here the worksheet was excluded pursuant to an evidentiary ruling by the district court. In addition, Ellett fails to explain how this evidence was favorable to him—*i.e.,* how it "tends to show that [he] is not guilty" or how it "impeaches a government witness." *Id.* (internal quotation marks omitted).

■ Even if the delayed filing of the superseding indictment amounted to bad faith on the part of the government—an issue that we do not decide—Ellett fails to demonstrate prejudice. Defense counsel sought and obtained a continuance after the superseding indictment was filed. Moreover, the government surely knew in advance of Ellett's pre-trial brief that Ellett would be raising a good faith defense to the tax evasion charges: willfulness was the only seriously contested issue. This claim therefore provides no basis for vacatur.

■ ■ Finally, Ellett asserts that the district court gave insufficient prominence to the good faith defense by "burying" it deep in the jury instructions and by delivering that portion of the charge with a "lack of emphasis." We review challenges to jury instructions *de novo,* "reversing only where a charge either failed to inform the jury adequately of the law or misled the jury about the correct legal rule." *United States v. Ford,* 435 F.3d 204, 209–10 (2d Cir.2006). We see no error here because the jury charge correctly recited the elements of the good faith defense and because Ellett cites no support for the idea that we ascertain and review the tone and volume used in delivering the jury charge.

Finding no merit in Ellett's remaining arguments, the judgment of the district court is hereby **AFFIRMED.**